YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA         6289
CHRISTIN D. W. KAWADA   10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorney for Plaintiffs
HAWAII MASONS AND PLASTERERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION TRUST FUND; HAWAII MASONS' AND PLASTERERS' ANNUITY TRUST FUND; HAWAII MASONS' VACATION AND HOLIDAY TRUST FUND;  HAWAII MASONS' AND PLASTERERS' APPRENTICESHIP AND TRAINING TRUST FUND; HAWAII MASONS' HEALTH AND WELFARE TRUST FUND,<br><br>          Plaintiffs,<br><br>     vs.<br><br>STONEMASTERS, INC., a Hawaii corporation; MICAH WATTS, individually; AMORA WATTS, individually; TIANA SPENCER, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE | CV17-00395 LEK-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STONEMASTERS, INC.<br><br><br>(Caption continued on next page) |

| | |
|---|---|
| CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT STONEMASTERS, INC.

Before the Court is Plaintiff's TRUSTEES of the Hawaii Masons and Plasterers Trust Funds, which include the Health and Welfare Fund, Training Fund, Pension Fund, Vacation and Holiday Fund, and the Annuity Fund (hereinafter collectively referred to as "Plaintiffs" or "Trust Funds") Motion for Entry of Default Judgment Against Defendant Stonemasters, Inc. filed on December 1, 2017 ("Motion").  ECF. No. 13.  Plaintiffs request that default judgment be entered pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for delinquent contributions owed to Plaintiffs, liquidated damages, and attorneys' fees and costs.

Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion.  See ECF 13-9.

This matter came on for hearing on January 8, 2018.  Appearing on behalf of Plaintiffs was Christin D. W. Kawada.  Defendant Stonemasters, Inc. did not make an appearance or otherwise defend against the Motion.  After careful consideration

of the Motion, declarations, exhibits, and the record herein, and after considering the factors set forth in Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court finds and recommends that the Motion be GRANTED.

## BACKGROUND

On August 10, 2017, Plaintiffs filed a Complaint seeking judgment for outstanding trust fund contributions and damages against Defendants Stonemasters Inc., Micah Watts, Amora Watts, and Tiana Spencer. ECF No. 1. The Complaint alleges that Defendant Stonemasters, Inc. ("Defendant ") entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Id. ¶¶ 12- 15. Plaintiffs claimed that Defendant failed to make required contributions. Id. ¶17. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. Id. ¶¶ 17-24. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September 27, 2017. ECF No. 10. The present motion followed.

## ANALYSIS

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, and after considering the factors set forth in Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court finds and concludes as follows:

1. Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002 and 1003.

2. Defendant is and was at all relevant times herein a Hawaii corporation doing business in the State of Hawaii.

3. Defendant agreed to abide by all terms and conditions of the Master Agreement Covering the Ceramic Tile, Marble and Terrazzo Trades in the State of Hawaii, executed by and between International Union of Bricklayers & Allied Craftworkers, Local No. 1 of Hawaii, AFL-CIO and the Tile Contractors Association of Hawaii (the "Bargaining Agreement").

4. The Trust Funds are a third party beneficiary of the Bargaining Agreement.

5. Defendants has not sought to set aside the default in this action.

6. Under the terms of the Bargaining Agreement, Defendant was required to pay to Plaintiffs amounts for employee benefits, for work and labor performed by its covered employees, which amounts would be paid to Plaintiffs or postmarked on or before the 30th day of the month immediately following.

7. Under the terms of the Bargaining Agreement, Defendant agreed to compensate Plaintiffs for interest on any unpaid contributions at the rate of twelve percent (12%) per annum or the rate prescribed under Section 6621 of the Internal

Revenue Code of 1954, whichever is greater, computed from the first day following the month for which Trust Fund contributions are owed.

8. Additionally, under the terms of the Bargaining Agreement, in the event contribution payments were untimely received or unpaid, Defendant agreed to pay liquidated damages in an amount equal to the greater of 1) interest calculated on the unpaid contributions at the rate of 12% per annum or 2) ten percent (10%) of such delinquent and unpaid contributions due to each respective Trust Fund or twenty dollars ($20) whichever is greater, for each and every delinquent monthly contribution.

9. Defendant breached the Bargaining Agreement and is liable to the Plaintiffs for its failure to perform the terms of the Master Agreement, including: 1) failure to pay the full amounts in contributions found by the Plaintiffs for the period of July 2012, September 2015, July 2015, September 2015 through November 2015, March 2016 through November 2016, May 2017 and June 2017; 2) failure to pay the Plaintiffs interest on late or unpaid contributions; and 3) failure to pay Plaintiffs additional liquidated damages on late or unpaid contributions for the period including April 2012, July 2012, September 2012, October 2012, July 2015, September 2015 through November 2015, March 2016 through November 2016, May 2017 and June 2017.

10. Defendant failed to pay Plaintiffs contributions in the amount of

$56,731.46, interest in the amount of $16,747.19, and liquidated damages in the amount of $16,747.19.

11. Further, under the terms of the Bargaining Agreement, Defendant promised that if the Trust Funds brought legal action to enforce the Bargaining Agreement against Defendant, Defendant would pay all of the Trust Funds court fees and costs, including reasonable attorneys' fees.

12. Upon review of the Declaration of Christin D. W. Kawada filed herein, the Court finds that $1,552.95 for Plaintiffs' legal fees, plus general excise tax in the amount of $73.16 in performing work on this matter, and costs of $454.92 are reasonable.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Default Judgment be granted in favor of Plaintiffs and against Defendant Stonemasters, Inc. in the total amount of $56,731.46 for delinquent contributions, $16,747.19 in interest, $16,747.19 for liquidated damages, $1,626.11 in attorneys' fees and $454.92 in costs.

DATED: HONOLULU, HAWAII, March 16, 2018.

IT IS FOUND AND SO RECOMMENDED.




Kevin S.C. Chang
United States Magistrate Judge

---

In the United States District Court For The District Of Hawaii; CV17-00395 LEK-KSC; HAWAII MASONS' PENSION TRUST FUND, et al., vs. STONEMASTERS, INC.., a Hawaii corporation, et al.; ***PROPOSED FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT STONEMASTERS, INC.***